## Good's Estate

*Russell B. Updegraff*, for accountant.

*Mark T. Milnor*, for exceptants.

REESE, P. J., March 25, 1944.—The first and final account of the executor shows a balance for distribution of $3,293.94 which, by a subsequent refund of inheritance tax, has been increased to $3,671.69. In his account the executor claimed as a credit the sum of

$750, which was to be used for the erection of a monument over the grave of decedent. The liquidating trustees of the New Cumberland National Bank filed two exceptions to the account, the first of which objected to the allowance of $750 for a tombstone. The second exception, relating to an alleged improper payment of inheritance tax, has been adjusted and withdrawn.

The only claim filed with the executor and which has not been paid is evidenced by a note, under seal, dated August 12, 1936, in the sum of $3,980, on which decedent was an accommodation maker. Interest at six percent is due on the note from May 12, 1937. The aggregate amount of the claim is, therefore, approximately $5,600, and since this amount exceeds the balance for distribution the estate is insolvent.

Our courts have frequently and consistently held that the expense of a suitable tombstone over the grave of decedent is a legitimate item of credit in the account of the personal representative. Counsel for the accountant has cited many cases to that effect, but in all the cases cited allowance for the expense of a tombstone was excepted to by the legatees or distributees. In none of the cases cited did it appear that the estate was insolvent. Our appellate courts have not ruled on the question whether the expense of a tombstone is a proper item of credit in the account of the personal representative where the estate is insolvent.

However, the question was squarely raised in Krewson's Estate, 37 D. & C. 555. President Judge Holland of the Orphans' Court of Montgomery County, in an able and comprehensive opinion, reviewed the cases on the subject and came to the conclusion that the cost of a tombstone is not a proper charge against an insolvent estate. For the reasons stated in his opinion, we come to the same conclusion. As a result the amount of $750, claimed as a credit and to be used for the erection of a tombstone, must be added to the balance for distribution. The balance for distribution,

therefore, is $4,431.69, all of which must be awarded to the exceptants herein.

And now, March 25, 1944, the first exception to the first and final account of the executor herein is sustained, and it is decreed and ordered that the entire fund for distribution, $4,431.69, be distributed and paid to the liquidating trustees of the New Cumberland National Bank.